NOT DESIGNATED FOR PUBLICATION

No. 123,803

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee,*

v.

EDWARD D. HARRIS,
*Appellant.*

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JEFFREY SYRIOS, judge. Opinion filed September 24, 2021. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2020 Supp. 21-6820(g) and (h).

Before BRUNS, P.J., SCHROEDER and GARDNER, JJ.

PER CURIAM: Edward D. Harris appeals the revocation of his probation and imposition of his underlying sentence. Recognizing the district court has the discretion to require him to serve his underlying sentence in this case, Harris filed a motion for summary disposition in lieu of briefs under Kansas Supreme Court Rule 7.041A (2021 Kan. S. Ct. R. 48). In response, the State agreed that Harris' appeal is suitable for summary disposition. As such, we granted Harris' motion and proceeded to review the record on appeal to determine if the district court erred. After doing so, we conclude that the district court did not abuse its discretion in revoking Harris' probation or in requiring him to serve his underlying sentence. Thus, we affirm the district court's decision.

1

In 2012, Harris pled guilty to criminal restraint and two counts of domestic battery. In February 2014, the district court sentenced him to 12 months in jail but placed him on probation for a term of 12 months. Unfortunately, the record reveals that Harris repeatedly failed to comply with the terms of his probation.

In October 2014, a warrant was issued alleging that Harris had violated his probation by committing two counts of harassment by telephone. Nevertheless, the district court continued his probation. A few months later, a warrant was issued alleging that Harris violated his probation by violating a no contact order and by committing the crime of stalking. On that occasion, the district court revoked and reinstated Harris' probation and required him to be supervised by community corrections.

In December 2016, Harris consented to an extension of his probation because he had not paid court costs, restitution, fines, and fees as directed. In June 2017, Harris again consented to an extension of his probation because he had not completed a batterer's intervention program. In February 2018, another warrant was issued alleging Harris violated his probation. This time, the warrant alleged that Harris had committed the crime of rape of a person under the age of 14 and the crime of aggravated indecent liberties with a child. In March 2018, yet another warrant was issued alleging Harris violated his probation. This one alleged that he had violated the offender registration act.

In November 2020, the district court held a combined sentencing hearing in the 2018 case and a probation revocation hearing in this case. Harris waived his right to present evidence and agreed that his no contest plea to four counts of attempted aggravated solicitation of a child in the 2018 case was a sufficient basis to justify revocation of his probation in this case. In revoking Harris' probation, the district court found that he had committed new crimes and noted that he had previously violated the

terms of his probation in this case. Consequently, the district court ordered Harris to serve his 12-month jail sentence in this case.

ANALYSIS

On appeal, Harris contends that the district court abused its discretion by ordering him to serve his underlying sentence instead of reinstating probation. Once a probation violation has been established, the district court's decision to revoke an offender's probation and impose the underlying sentence is discretionary unless otherwise limited by statute. See *State v. Dooley*, 308 Kan. 641, 647, 423 P.3d 469 (2018). A judicial action constitutes an abuse of discretion only if the action (1) is unreasonable; (2) is based on an error of law; or (3) is based on an error of fact. The party alleging the abuse of discretion bears the burden of proof. *State v. Thomas*, 307 Kan. 733, 739, 415 P.3d 430 (2018).

A review of the record in this case reveals that Harris repeatedly violated the conditions of his probation. The district court gave Harris multiple opportunities to succeed. Unfortunately, he could not do so and committed new crimes. In light of his repeated failures to comply with the conditions of his supervision, we find that it was reasonable for the district court to conclude that Harris is not amenable to probation. Likewise, we find that Harris has failed to show that the district court's decision was based on an error of law or on an error of fact.

Under these circumstances, we conclude that the district court did not abuse its discretion by revoking Harris' probation or by reinstating his underlying sentence.

Affirmed.